IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KELLY A. CUMMINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3293-SSA-CV-S-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Claimant Kelly Cummings seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq.* She claims she became disabled beginning on December 1, 2002. The parties' briefs were fully submitted, and on May 8, 2007, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).  The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Kelly Cummings was born in 1960 and has an eighth-grade education.  She is five feet four inches tall and weighs approximately 200 pounds.  She has previously worked as a cook and a nurses' assistant.  She alleges she is disabled because of mental illness, diabetes and problems with her back and legs.

The Administrative Law Judge (ALJ) found that the credible medical evidence established "that claimant has degenerative disc and joint disease in the lumbar spine with mild stenosis; non-insulin dependent diabetes mellitus essentially controlled with some peripheral

Case 6:06-cv-03293-WAK   Document 16   Filed 05/10/07   Page 2 of 4

neuropathy; has a history of a left lower extremity injury; a history of obesity; and a history of being diagnosed with a borderline personality disorder, depression and anxiety." (Tr. 20.) She concluded Cummings could not return to her former occupations but retained the exertional capacity for a range of sedentary work. Stated examples with a sit/stand option were order clerk, electronics assembler, and machine packager.

In her request for judicial review, Cummings argues the ALJ erred in not giving controlling weight to the opinion of her treating physician, Dr. Gregory Zolkowski. She also claims the hypothetical given to the vocational expert failed to include the proper function-by-function limitations and the ALJ did not consider the appropriate factors in making a credibility determination.

In his medical source statement, Dr. Zolkowski indicated (1) claimant required frequent position changes, (2) rest would be medically helpful-to-necessary during an eight-hour day for coping with her symptoms, and (3) her impairments would likely disrupt her work schedule on a daily basis. He stated the intervals and periods of time for rest, and the length of the disruptions, would be patient-driven.

The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)).

In this case, however, the ALJ discounted the opinion of the treating physician without adequate support or explanation in the record for doing so. Many of the reasons set forth by the ALJ were based on ambiguous notes or comments, and the ALJ discredited the treating physician's opinion because it was on a "check-off list" form. Prior to reaching a decision, the ALJ should have sought clarification from the treating physician, or obtained other medical opinions, with regard to the frequency and time needed for rest, and the likely length of disruptions based upon her symptoms.

The hypothetical question, in this case, was based upon a residual functional capacity assessment that may have been in error, given the ambiguity or lack of adequate support in the record. As a general rule, the hypothetical is proper if it includes all of the impairments which the ALJ concludes are credible. See Montgomery v. Chater, 69 F.3d 273, 275 (8th Cir. 1995).

3

Nevertheless, the adequacy of the hypothetical in Cummings' case should be reviewed after further development of the record.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for reconsideration, further development of the record, and a determination with regard to the frequency and duration of claimant's need for rest during a workday.

Dated this 10th day of May, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge